IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DARREN LACOUR,

       Plaintiff,

      v.                              No. CIV-14-0925 LAM

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

       Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

**THIS MATTER** is before the Court on *Plaintiff's Counsel's Petition for Attorney Fees Under the Equal Access to Justice Act (Doc. 30)*, filed March 30, 2016. The Commissioner filed a response in opposition to the motion on April 13, 2016 [*Doc. 31*], and Plaintiff filed a reply on April 27, 2016 [*Doc. 32*]. Plaintiff asks the Court for an award of attorney fees in the amount of **$7,790.00** as authorized by the Equal Access to Justice Act (hereinafter "EAJA") at 28 U.S.C. § 2412(d). [*Doc. 30* at 2]. The Commissioner opposes the motion because she asserts that her position in this case was substantially justified. [*Doc. 31*]. Having considered the motion, response, reply, the record in this case, and relevant law, the Court **FINDS** that Plaintiff's motion is well-taken and shall be **GRANTED**.

EAJA provides for an award of attorney fees to a plaintiff when: (1) he is a prevailing party, (2) the position of the United States was not substantially justified, and (3) there are no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). The Commissioner bears the burden of showing

that her position was substantially justified. *See Hackett*, 475 F.3d at 1172. "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* (*quoting Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). The Commissioner must show that her position was "justified to a degree that could satisfy a reasonable person." *Hackett*, 475 F.3d at 1172 (*quoting Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). A court's remand order does not mean, *ipso facto*, that the Commissioner's position was not substantially justified; that is, her "position can be justified even though it is not correct . . . if it has a reasonable basis in law or fact." *Hackett*, 475 F.3d at 1172 (*quoting Pierce*, 487 U.S. at 566, n.2). However, even when the Commissioner prevails on most issues before the district court, the Court can still find that the Commissioner "acted unreasonably in denying benefits at the administrative level." *Hackett*, 475 F.3d at 1174, n.1.

In this case, this Court entered a ***Memorandum Opinion and Order*** [*Doc. 28*], which granted Plaintiff's motion to reverse or remand the administrative agency decision, and remanded this case to the Commissioner "for proper consideration of: (1) an appropriate RFC assessment of the Plaintiff, including appropriate consideration of his credibility, that complies with applicable legal requirements;" and "(2) the opinions of Winfred Snell, FNP, in compliance with applicable legal requirements." [*Doc. 28* at 21-22]. The Commissioner contends that her position in this case was substantially justified because "the ALJ's decision was largely consistent with the medical opinion evidence" (*Doc. 31* at 2), there were valid reasons supporting the ALJ's credibility finding (*id.*), and "[t]he ALJ had at least an arguably valid basis for rejecting Mr. Snell's opinions" (*id.* at 5). The Court finds that these contentions are without merit.

In the Memorandum Opinion and Order, the Court explained that "the link between the ALJ's determination that Plaintiff was not credible and the evidence in support of such

determination is missing, leaving this Court with nothing but a conclusion." [*Doc. 28* at 11]. Moreover, as the Commissioner admits, "the ALJ made certain errors" regarding Plaintiff's credibility. [*Doc. 31* at 2]; *see also* [*Doc. 28* at 11-13] (discussing the ALJ's errors regarding Plaintiff's credibility). The Tenth Circuit has held that where the Commissioner attempts to cure the ALJ's errors based on reasons that the ALJ did not explicitly cite, the Commissioner's position is not substantially justified and the denial of EAJA fees is proper. *See Hackett*, 457 F.3d at 1175. The Court finds that the Commissioner's attempt here to cure the errors with the ALJ's credibility assessment is not based on reasons that the ALJ explicitly cited and, therefore, the Commissioner's position was not substantially justified with regard to the ALJ's credibility assessment.

Similarly, the Court finds that the Commissioner's position was not substantially justified with regard to the opinions of Mr. Snell. As explained in the Memorandum Opinion and Order, "the fact that one medical source is a medical doctor, while the other is a nurse practitioner, is not a valid reason, standing alone, to give greater weight to the former." [*Doc. 28* at 18-19] (citing *Fulton v. Colvin*, No. 15-6054, 2015 WL 6847808, at *3-4 (10th Cir. Nov. 9, 2015) (unpublished) (although factors set forth in §§404.1527(c) and 416.927(c) are applicable only to evaluation of acceptable medical sources, they "represent basic principles that apply to consideration of all opinions from medical sources who are not acceptable medical sources," and an ALJ's weighting of not acceptable medical sources is sufficient if it permits the reviewing court to "follow the adjudicator's reasoning") (citations and internal quotation marks omitted); and Soc. Sec. Rep. 06-03p, 2006 WL 2329939 (August 9, 2006) ("Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or

decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case")).   Again, the Court finds that the Commissioner cannot cure the ALJ's errors based on reasons that the ALJ did not explicitly cite, and, therefore, the Court finds that the Commissioner's position was not substantially justified with regard to the ALJ's consideration of Mr. Snell's opinions.

IT IS THEREFORE ORDERED, for the reasons stated above, that *Plaintiff's Counsel's Petition for Attorney Fees Under the Equal Access to Justice Act (Doc. 30)* is **GRANTED**, and that Plaintiff is authorized to receive **$7,790.00** in attorney's fees for payment to his attorney for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

IT IS FURTHER ORDERED that, if Plaintiff's attorney is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's attorney shall refund the smaller award to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 n.4 (2010) (explaining that, if a claimant's attorney is ultimately granted attorney fees under § 406(b) out of the claimant's benefit award, the claimant's attorney must refund to the claimant the amount of the smaller fee).

IT IS SO ORDERED.

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**